UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. SCOTT MASON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   vs. | )   CAUSE NO. 1:14-cv-426-RLY-DKL |
| | ) |
| GATES AUTOMOTIVE HOLDINGS, | ) |
| INC., *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**ENTRY**

**Plaintiff's** *Motion to Extend Deadline To Respond to
Trial Rule* **[***sic***]** *68 Offer of Judgment* **[doc. 21]**

This *Entry* supplements the Court's marginal denial of Plaintiff's motion to extend time to respond to Defendants' offer of judgment [doc. 24]. Defendants served on Plaintiff an offer of judgment under Fed. R. Civ. P. 68(a) on April 22, 2014. (*Motion* [doc. 21] ¶ 1; *Response* [doc. 22] ¶ 1.) The deadline for Plaintiff to accept the offer was May 6, 2014. *Id.*[1] At 11:02 p.m. on that day, Plaintiff electronically filed his motion to extend the time for acceptance of the offer for another fourteen days, to and including May 20, 2014. The reasons Plaintiff gave for the extension were that Defendants "provided Plaintiff with new information regarding one of Plaintiff's claims on Friday, May 2, 2014" and counsel needed time to consult with his client. Plaintiff's motion did not identify the "new information"

---

[1] Because the parties agree on these dates, the Court accepts them. Presumably, Defendants served their offer under Fed. R. Civ. P. 5(b)(2)(A) or (B), which would make May 6, 2014 the deadline for Plaintiff's acceptance. Fed. R. Civ. P. 6(a)(1) and (4). If service had been made by mail or electronic means or any other means under Rule 5(b)(2)(C), (D), (E), or (F), then the period for Plaintiff's acceptance would not have expired until May 9, 2014. Fed. R. Civ. P. 6(d).

or explain why it was material to Plaintiff's consideration of Defendant's offer. Counsel also did not explain why he needed a total of eighteen days after receiving the "new information" to consult with his client and make a decision.

The parties conferred on May 6, 2014, the last day for acceptance. Plaintiff asked Defendants to agree to extend their offer of judgment and Defendants refused. Relying on Plaintiff's representation that he would not accept their offer by the midnight deadline, Defendants filed their pending Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction at 10:43 a.m. that same day. That motion argues that, because Defendants' offer gave Plaintiff everything to which he is entitled under the law and his claims, there is no longer a case or controversy and this Cause should be dismissed for lack of subject-matter jurisdiction. A little over twelve hours later, Plaintiff filed his motion asking the Court to unilaterally extend Defendant's offer of judgment. Defendants opposed the extension and asked the Court to proceed with briefing and consideration of their motion to dismiss.

The Court's marginal denial of Plaintiff's motion explained that Rule 68 establishes the specific period of time during which an offer is irrevocable and provides that, if not accepted during this period, the offer is withdrawn and cannot be accepted later. After the period expires, Rule 68 notes that a defendant may make a later offer.[2] The marginal ruling stated that a new offer may be made on the same or different terms and would commence

---

[2] "An unaccepted offer is considered withdrawn, but it does not preclude a later offer." Fed. R. Civ. P. 68(b).

a new fourteen-day irrevocable acceptance period.  Because the Court's marginal ruling was brief, this elaboration is issued.

First, the Court reiterates that Rule 68 defines a specific period for acceptance of an offer and provides that an unaccepted offer is considered withdrawn.  Because an offer of judgment is voluntary, an offer is irrevocable for the prescribed period, and an accepted offer is binding on the offeror and dispositive, the prescribed period should not be extended under Rule 6(b) without the offeror's consent.[3]  That would place courts in the inappropriate position of making strategic litigation decisions for defendants and determining what terms defendants *should* be offering under the then-current circumstances.  In order to justify unilaterally binding a defendant to a set of judgment terms, a court could not merely determine if the defendant will likely suffer prejudice in the form of only additional litigation costs during the extended time period, but would have to identify and evaluate the myriad factors that could inform a defendant's decision whether to extend an offer (*e.g.*, changed business or litigation circumstances, different evaluations of those circumstances and risks by different evaluators, discovery of mistakes in previous evaluations) and the myriad factors that would excuse a plaintiff's failure to accept in time and would justify giving him more time.  Courts should not be tasked with evaluating such evaluations by defendants and defendants should not be tasked with

---

[3] A defendant's agreement to extend the prescribed fourteen-day period is, in essence and effect, the making of a "later" or new offer, as contemplated in Rule 68(b), on the same terms as the original offer.

justifying their litigation or business evaluations. Moreover, no standard or factors are identified in Rule 68 by which to evaluate whether a defendant's refusal to extend an offer is justified. Just as courts cannot and should not unilaterally *make* offers of judgment for defendants, they should not unilaterally *extend* offers of judgment for defendants.

Second, as noted, counsel did not identify the "new information" that he received from Defendants, did not explain its materiality to the determination whether to accept the offer, and he did not explain why he needed fourteen more days (eighteen days, total) to consult with his client, when he received the "new information" four days before the period expired. Therefore, even if Rule 6(b) were held to apply to Rule 68 offers of judgment, Plaintiff failed to show good cause for an extension of time.

Third, for the reasons noted above, even if Rule 6(b) applied to Rule 68 offers of judgment, "good cause" would not exist absent a defendant's consent.[4]

Fourth, the decision on which Plaintiff relies to support his argument that the period to accept an offer of judgment may be extended under Rule 6(b) holds that a Rule 68 offer is automatically withdrawn, by operation of law, when the fourteen-day period expires. *Pineda v. American Plastics Technologies, Inc.*, No. 12-21145-CIV-TORRES, 2014 WL 1946686,

---

[4] As the marginal ruling noted, if the parties agree that the plaintiff needs more time to accept an offer, then the defendant may simply issue another offer of judgment, rather than engage in meaningless Rule 6(b) motion practice about the existence of "good cause" for a court-ordered extension of time. However, if a defendant refuses to extend an offer or will make a new offer only on different terms, then the defendant has obviously changed his evaluation of the circumstances and/or determined that the circumstances have changed.

*9-10, 2014 U.S. Dist. LEXIS 67241, *24-26 (S.D. Fla., May 15, 2014). Thus, the court concluded, "Rule 68 does not expressly preclude a Rule 6(b) extension, *except* where Rule 68 already deems the offer withdrawn when the 14-day period expires. An order extending a stale and already expired period would indeed be in derogation of *Rule 68* and would always prejudice the defendant." *Id.*, 2014 WL 1946686, *10, 2014 U.S. Dist. LEXIS 67241, *26. In this case, the fourteen-day period to accept Defendants' offer expired at midnight on May 6, 2014 and Plaintiff's motion to extend was not (and could not have been) granted before the period expired. Thus, by operation of Rule 68, according to *Pineda* and the Court's marginal ruling, the offer was automatically withdrawn at midnight, leaving no period to extend under Rule 6(b).

Plaintiff's motion to extend did not stay, toll, or suspend the fourteen-day period pending the Court's ruling on the motion. *See Spencer Medical Associates v. Commissioner of Internal Revenue*, 155 F.3d 268, 272 (4th Cir. 1998); *Louisiana-Pacific Corp. v. United States*, 2 Cl. Ct. 743 (Cl. Ct. 1983).[5] Thus, Plaintiff doomed his own motion when he waited to file it less than an hour before the deadline, with no reasonable possibility that the Court would have granted it in time. Plaintiff's counsel stated that he received the "new information" from Defendants that required consultation with his client on Friday, May 2, 2014, yet it

---

[5] Although *Pineda*'s discussion of this point was in the context of a Rule 6(b) motion to extend that is filed after a Rule 68 period expires — when the stricter "excusable neglect" standard applies — the principle the court recognized that a Rule 68 offer is automatically withdrawn when the period expires (therefore, prejudice to the offering defendant being presumed) applies equally in the context of a Rule 68 period that expires while a motion to extend is pending — certainly while a motion is pending that was filed at the eleventh hour, knowing that there is no reasonable possibility that the motion would be granted before the offer is automatically withdrawn.

5

was not until 11:02 p.m. on Tuesday, May 6, 2014, that he filed his motion for an extension and he offered no explanation for this delay.  Plaintiff should not be allowed to use his own delay as a means to obtain a "back-door" extension of Rule 68's deadline.[6]

**DONE this date:** 06/19/2014

*Denise K. LaRue* (signature)
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

---

[6] The Court notes that the extended period requested in Plaintiff's motion expired on May 20, 2014 and Plaintiff has not filed the offer, notice of acceptance, and proof of service required by Rule 68(a) when an offer is accepted.  In addition, Plaintiff has not filed any written notice that he served on Defendants accepting the offer.  Fed. R. Civ. P. 68(a) and 5(d)(1).  In his motion for an extension of time, filed on the requested deadline date of May 20, 2014, Plaintiff states that "Defendant's [*sic*] Motion to Dismiss hinges on whether Plaintiff accepts or declines the Offer of Judgment which Plaintiff contends has not yet occurred."  *Motion to Extend Deadline To Respond to Defendants' Motion to Dismiss* [doc. 27] ¶ 4.)  It appears that Plaintiff has not served a written notice accepting Defendant's offer of judgment by his requested extended deadline.