UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

R. SCOTT MASON on Behalf of Himself )
and All Others Similarly Situated, )
　)
Plaintiff, )
　) 1:14-cv-00426-RLY-DKL
vs. )
　)
GATES AUTOMOTIVE HOLDINGS, )
INC.; GATES CHEVY WORLD, INC.; )
GATES AUTOMOTIVE CORP.; )
GATES MOTORS, INC.; and )
GATES CHEVROLET BUICK PONTIAC )
GMC, LLC, )
　)
Defendants. )

**ENTRY ON MOTION TO RECONSIDER**

Plaintiff, R. Scott Mason, brought suit pursuant to the Fair Labor Standards Act and the Indiana Wage Statute against Defendants (collectively, "Gates"). Gates submitted a Rule 68 offer of judgment to Mason that required a response by May 6, 2014. On that day, Mason filed a motion for an extension of time to respond to the Rule 68 Offer of Judgment. The next day, the Magistrate Judge denied the motion in a marginal entry.[1] Mason objected to that decision, and the court overruled that objection. Mason

---

[1] The Magistrate Judge filed a Supplemental Entry on June 19, 2014, after the motion objecting to that entry was fully briefed. The court did not consider that Entry.

1

now moves the court to reconsider its prior entry. For the reasons set forth below, the court **DENIES** the motion to reconsider.

I.  **Standard of Review**

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence or if the movant clearly establishes a manifest error of fact or law. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). For new evidence to be considered, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

II. **Discussion**

Mason sets forth two reasons for the court to reconsider its prior ruling. First, Mason argues that this court misapplied Rule 6(b)(1)(A) by applying it differently to a Rule 68 offer of judgment deadline. Second, Mason asserts that he was mistaken about the original expiration date of the Rule 68 offer of judgment, and in fact, the offer had not expired at the time the Magistrate Judge ruled. The court will consider each in turn.

A.  **Differing Treatment under Rule 6(b)**

Mason alleges that the court misapplied Rule 6(b) because the court applied it to the Rule 68 offer of judgment differently than to other motions. This argument is flawed for two reasons. First, it is based on the incorrect premise that a Rule 6(b) motion automatically extends the time a party has to file a document with the court. This is not

2

true. Rule 6(b)(1)(A) states, in pertinent part, that a "court **may**, for good cause, extend the time: . . . before the original time or its extension expires. . . ." Fed. R. Civ. P. 6(b)(1) (emphasis added). A motion to extend does not automatically stay or toll a deadline because "the court would in large measure lose the power to grant or deny an extension." *Spencer Medical Associates v. C.I.R.*, 155 F.3d 268, 272 (4th Cir. 1998); *see also Louisiana-Pac. Corp. v. United States*, 2 Cl. Ct. 743, 746 (1983) ("In short, and to state the obvious, the filing of a motion for extension does not serve to toll the scheduled due date nor does it automatically serve to extend that due date until such time as the court rules on the extension motion.").

Second, a Rule 68 offer is governed in part by the law of contracts, unlike other motions made before the courts. Thus, a court must follow contract law when evaluating a Rule 6(b) motion for extension of time to a Rule 68 offer of judgment. A court need not consider contract law when extending deadlines that are merely court imposed. As such, the court finds that such an argument does not show that the court created a manifest error of law. The court will not reconsider his motion on this basis.

### B. Mistaken Deadline

Next, Mason asserts that he was mistaken about the deadline to respond to the offer of judgment, and therefore, as a matter of law, the offer had not expired and could have been ruled upon. According to Mason, this merits reconsideration by the court. This the court cannot do.

The Seventh Circuit has held that "it is well settled law that a party cannot complain of errors which it has committed, invited, induced the court to make, or to

3

which it consented." *International Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 224 (7th Cir. 1981) (collecting cases). Mason twice represented to the court that the deadline to respond was May 6, 2014. (Filing No. 21, Filing No. 26). Thus, Mason cannot complain of the error when it was his making. The court, therefore, will not reconsider its ruling based on this error.

## III.   Conclusion

The court concludes that Plaintiff is bound by his representation that the offer expired on May 6 and that the court did not commit an error of law. Therefore, Plaintiff's motion to reconsider the July 7, 2014 Entry (Filing No. 44) is **DENIED**.

**SO ORDERED** this 15th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4