UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. SCOTT MASON on Behalf of Himself and All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) GATES AUTOMOTIVE HOLDINGS, ) INC., ) GATES CHEVY WORLD, INC., ) GATES AUTOMOTIVE CORP., ) GATES MOTORS, INC., ) GATES CHEVROLET BUICK PONTIAC ) GMC, LLC, ) ) Defendants. ) | 1:14-cv-00426-RLY-DKL |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, R. Scott Mason, brought this action against Defendants, Gates Automotive Holdings, Inc., Gates Chevy World, Inc., Gates Automotive Corp., Gates Motors, Inc., and Gates Chevrolet Buick Pontiac GMC, LLC (collectively "Defendants"), for violations of the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute. Defendants move to dismiss for lack of subject matter jurisdiction, following Plaintiff's failure to respond to Defendants' Rule 68 offer of judgment. For the reasons stated below, the court **GRANTS** Defendants' motion.

**I.  Background**

The facts and allegations giving rise to this action are unimportant for purposes of deciding the present motion. Rather, the court must focus on the procedural history. On

1

April 22, 2014, Defendants served on Plaintiff, pursuant to Federal Rule of Civil Procedure 68, an offer of judgment, which purportedly satisfied all of Plaintiff's damages. Plaintiff did not accept or decline the offer within the allotted time period. Now, Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff does not dispute that the offer of judgment fully and completely satisfies all of his claimed damages.

## II.    Standard

In considering a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## III.    Discussion

This action consists of two causes of action. First, Plaintiff brings a collective action claim under the FLSA. Second, the Plaintiff brings a class action under the Indiana Wage Laws. Defendants assert that the FLSA claim must be dismissed for lack of subject matter jurisdiction. Then, they urge the court to decline to exercise

supplemental jurisdiction over the remaining state law claim. The court will address each in turn.

### A. Count I – FLSA Collective Action

In support of their motion to dismiss, Defendants allege that Plaintiff no longer has a personal stake or legally cognizable interest in the outcome of this action because he rejected the Defendants' Rule 68 offer of judgment. Plaintiff responds that the action is not moot, and therefore the court maintains jurisdiction.

The issue of whether an unaccepted Rule 68 offer of judgment that provides complete relief can moot a claim divides the circuits. The Supreme Court had the opportunity to resolve the split in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), but rather decided the case on narrower grounds. Both Plaintiff and Defendants rely on this case; Defendants rely on the majority opinion and Plaintiff on the dissent. Defendants' reliance is somewhat misplaced because the majority opinion in *Genesis* found that this issue was not properly before them and thus did not address the issue before this court. Plaintiff's reliance on the dissent is slightly more compelling. The dissent, consisting of four justices, thought that the issue was before them and that the claim is not mooted by an offer of judgment that is not accepted or rejected. Specifically, the dissent told the circuit courts of appeals to rethink this theory. Nevertheless, this statement is only the opinion of four justices so it does not have precedential value and is not binding upon this court. Thus, the circuit split remains.

Because the split remains, the court must look to the Seventh Circuit in determining the issue. The Seventh Circuit has long held that "[o]nce the defendant

3

offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (internal citation omitted). Notably, the Seventh Circuit has not yet revisited this conclusion in light of the dissent in *Genesis*; however, it has acknowledged that the *Genesis* dissent gives reason to question its current approach. *See Scott v. Westlake Services, LLC*, 740 F.3d 1124, 1126 n.1 (7th Cir. 2014). Nevertheless, the holding in *Rand* is still good law in this circuit and the court must follow it. Therefore, the court finds that a controversy no longer remains in this action, and Count I should be dismissed.

### B. Count II – Indiana Wage Claim Class Action

The sole basis for federal jurisdiction in this case is the FLSA claim. Because the court found such a claim to be barred in this court, the court must determine if it wishes to retain supplemental jurisdiction over the state wage law claim. A district court may retain supplemental jurisdiction over state law claims even after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court is given broad discretion in determining whether it is appropriate to retain jurisdiction over the state law claims. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998).

Generally, when a district court dismisses all federal-law claims before trial, the remaining claims should be left to the state courts. This general rule has three well-recognized exceptions where a district court should retain jurisdiction. In determining

4

whether to retain jurisdiction, "[a] district court . . . should make a finding as to the balance of judicial economy, convenience, fairness and comity to justify retention." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Additionally, a court may retain state-law claims "when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* at 1251. The court finds that these exceptions are not met here. As such, the court declines to retain supplemental jurisdiction over the remaining claim in the complaint. Count II is therefore dismissed.

**IV. Conclusion**

The court, bound by Seventh Circuit precedent, finds that the Rule 68 offer of judgment offered to Plaintiff that completely satisfied Plaintiff's requested relief caused there to no longer be a controversy for this court to decide. Therefore, the court lacks subject matter jurisdiction and must dismiss the FLSA claim. The court also declines to exercise supplemental jurisdiction of the remaining state law claim. That claim is also dismissed. Therefore, the court **GRANTS** Defendant's motion to dismiss (Filing NO. 19). Furthermore, the court **DENIES as moot** Defendants' motion for oral argument on this matter (Filing No. 69).

**SO ORDERED** this 9th day of January 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

5